**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CR-09-21-M |
| ) | |
| JOHN CHARLES FLETCHER, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Before the Court is defendant's Motion to Dismiss for Denial of Speedy Trial, filed July 1, 2009. On July 10, 2009, the government filed its response.

I.  Background

On December 9, 2008, the government filed a Complaint against defendant and numerous other individuals. On January 22, 2009, a federal grand jury sitting in the Western District of Oklahoma returned a forty-two count Indictment; defendant is charged in fourteen of the counts with conspiracy to possess with intent to distribute and to distribute crack cocaine, PCP, and marijuana; distributing crack cocaine; manufacturing crack cocaine; and possessing with the intent to distribute crack cocaine and powder cocaine. On March 5, 2009, after being arrested, defendant appeared before United States Magistrate Judge Paul D. Stickney, in the Northern District of Texas. On March 17, 2009, defendant was arraigned in the Western District of Oklahoma in the instant case.

On March 19, 2009, co-defendant Tuesday Shalon Johnson filed a number of motions, including a motion for *James* hearing, a motion to sever, and two motions to suppress. On April 13, 2009, defendant filed a *pro se* motion to appoint new counsel. From April 22, 2009 to April 27,

2009, the Court issued orders on co-defendant Johnson's various motions.[1]  On April 29, 2009, the Court conducted a hearing on defendant's motion to appoint new counsel and denied said motion.

On May 11, 2009, the Court issued an order granting defendant's Motion to Continue Trial and continuing this matter to the Court's June 2009 trial docket.  In its order, the Court specifically found:

> the ends of justice are served by granting this motion and that the need for a continuance outweighs the best interest of the public and the defendant in a speedy trial.  Based on counsel's representations, the Court also finds the failure to grant such a continuance would deny defendant and counsel reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

May 11, 2009 Order [docket no. 304].  On May 13, 2009, defendant filed a *pro se* motion to dismiss, which was stricken on May 21, 2009.  On May 14, 2009, defendant filed a motion to suppress, which was granted in part and denied in part on June 9, 2009, filed a motion for *James* hearing, which was granted on May 21, 2009, and filed a motion for disclosure, which was denied as moot on June 2, 2009.  On May 22, 2009, defendant filed a *pro se* motion to withdraw from continuance, which was stricken on June 2, 2009.  On May 27, 2009, defendant filed a second *pro se* motion to appoint new counsel, which was granted at a hearing on June 3, 2009.

On June 4, 2009, the Court issued an order granting defendant's *pro se* motion to appoint new counsel and continuing this matter to the Court's July 2009 trial docket.  In its order, the Court found:

> in light of the withdrawal of counsel, the Court finds that the ends of justice are served by continuing the trial of this matter and that the

---

[1] Since co-defendant Johnson changed her plea to guilty, the Court never ruled on her motions to suppress.  Because of this, the Court will not include the period of time within which co-defendant Johnson's motions to suppress were pending as excludable time.

> need for a continuance outweighs the best interest of the public and the defendant in a speedy trial. The Court also finds the failure to grant such a continuance would deny defendant and new counsel reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

June 4, 2009 Order [docket no. 359].

On July 1, 2009, defendant filed the instant motion to dismiss, as well as a motion to quash. Additionally, on July 1, 2009, defendant filed a motion to continue trial, and on July 2, 2009, the Court granted said motion and continued this matter to the Court's August 2009 trial docket, finding:

> the ends of justice are served by granting this motion and that the need for a continuance outweighs the best interest of the public and the defendant in a speedy trial. Based on counsel's representations, the Court also finds the failure to grant such a continuance would deny defendant and counsel reasonable time necessary for effective preparation for trial, taking into account the exercise of due diligence.

July 2, 2009 Order [docket no. 384].

Defendant is now asserting his right to a speedy trial has been violated under the Speedy Trial Act and moves the Court to dismiss all charges against him.

II. Discussion

The Speedy Trial Act requires that a defendant be tried "within seventy days from the filing date (and making public) of the . . . indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). Although the Indictment in this case was returned on January 22, 2009, defendant did not appear before a judicial officer of the United States District Court for the Western District of Oklahoma until March 17, 2009. Accordingly, the Court finds that the speedy trial clock did not begin to run until March 17, 2009.

Additionally, the seventy-day period is subject to exclusions under § 3161(h). Any period of delay resulting from other proceedings concerning the defendant, including delay resulting from any pretrial motion, from the filing of the motion through the disposition of the motion, is excludable time for purposes of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D). Further, a reasonable period of delay when one co-defendant is joined for trial with another co-defendant as to whom the time for trial has not run and no motion for severance has been granted is excludable time for purposes of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(6). Accordingly, the Court finds that the period of time within which both defendant's pre-trial motions and co-defendant Johnson's pre-trial motions were pending is excludable time for purposes of the Speedy Trial Act.[2]

Additionally, any period of delay resulting from a continuance granted by a judge based upon a finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial is excludable time for purposes of the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(7)(A). The Court, therefore, finds that the period of delay resulting from the three continuances granted by the Court in this matter is excludable time for purposes of the Speedy Trial Act.

Thus, based upon the above, the Court finds, conservatively, that only 14 non-excludable days have elapsed for purposes of the Speedy Trial Act. The Court, therefore, finds that defendant's right to a speedy trial has not been violated.

---

[2] Co-defendant Johnson and defendant were joined for trial, and no motion for severance had been granted.

III.     Conclusion

For the reasons set forth above, the Court DENIES defendant's Motion to Dismiss for Denial of Speedy Trial [docket no. 380].

**IT IS SO ORDERED this 23rd day of July, 2009.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE