# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CR-09-21-M |
| | ) |
| JOHN CHARLES FLETCHER, | ) |
| | ) |
| Defendant. | ) |

## ORDER

On March 11, 2011, defendant John Charles Fletcher filed a Motion for *James* Hearing with Brief in Support [docket no. 651]. On March 21, 2011, the government filed its response. On March 29, 2011, the Court conducted a *James*[1] hearing in this matter.

At the hearing, Robert Clayton Simmons, a Special Agent for the Federal Bureau of Investigation, testified.[2] Agent Simmons testified regarding the nature and members of the alleged conspiracy involved in this case. Agent Simmons further testified that the alleged conspiracy began in May, 2003 and ended September 3, 2008. Finally, Agent Simmons testified regarding the statements that the government contends are admissible coconspirator statements.[3]

Rule 801(d)(2)(E) of the Federal Rules of Evidence provides, in pertinent part:

> (d) Statements which are not hearsay. A statement is not hearsay if –
> \* \* \*

---

[1] *United States v. James*, 590 F.2d 575 (5th Cir. 1979).

[2] The Court finds that Agent Simmons is a credible witness.

[3] The statements at issue are the following: (1) the statements Lenora Wright made regarding defendant during a recorded telephone conversation (call #1083) that she had with Kevin Wright, and (2) statements Orlando Portwood made to law enforcement during an interview regarding going to Donald Hastings' house to purchase crack and Mr. Hastings advising him that he would not sell Mr. Portwood a part of a block of crack because it was defendant's crack.

> (2) Admission by party-opponent. The statement is offered against a party and is . . .
>> (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

Fed. R. Evid. 801(d)(2)(E). Rule 801(d)(2)(E) allows for the admissibility of coconspirator statements only if "the trial court finds the following elements by a preponderance of the evidence: (1) that a conspiracy existed; (2) that the declarant and the defendant were both members of the conspiracy; and (3) that the statements were made in the course of and in furtherance of the conspiracy." *United States v. Sinclair*, 109 F.3d 1527, 1533 (10th Cir. 1997).

"In making its preliminary factual determination as to whether a conspiracy exists, the court may consider the hearsay statement sought to be admitted, along with independent evidence tending to establish the conspiracy." *United States v. Lopez-Gutierrez*, 83 F.3d 1235, 1242 (10th Cir. 1996) (internal citations omitted). "[T]here need only be some independent evidence linking the defendant to the conspiracy." *Id.* (internal quotations and citations omitted). "Such independent evidence may be sufficient even when it is not 'substantial.'" *Id.* (internal citation omitted). Independent evidence has been defined as evidence other than the proffered coconspirator statements themselves. *Id.*

"No talismanic formula exists for ascertaining whether a particular statement was intended by the declarant to further the conspiracy . . . . To the contrary, this determination must be made by examining the context in which the challenged statement was made." *United States v. Perez*, 989 F.2d 1574, 1578-79 (10th Cir. 1993) (internal citations omitted). "In general, mere narratives, between coconspirators or narrative declarations of past events are not 'in furtherance,' while statements of future intent that set transactions integral to the conspiracy in motion and maintain the information flow among coconspirators meet the 'in furtherance' requirement." *United States v.*

*Roberts*, 14 F.3d 502, 514-15 (10th Cir. 1993). Statements identifying other members of the conspiracy, statements describing their roles in the conspiracy, statements discussing the particular roles of other coconspirators, statements made to induce enlistment or further participation in the group's activities, statements made to prompt further action on the part of the conspirators, statements made to reassure members of a conspiracy's continued existence, statements designed to allay the fears and suspicions of another coconspirator, and statements made to keep coconspirators abreast of an ongoing conspiracy's activities are all "in furtherance of" the conspiracy. *See United States v. Owens*, 70 F.3d 1118, 1125 (10th Cir. 1995); *United States v. Williamson*, 53 F.3d 1500, 1520 (10th Cir. 1995); *Roberts*, 14 F.3d at 515; *Perez*, 989 F.2d at 1578.

Having heard the evidence and arguments presented at the *James* hearing, the Court finds that the statements in question are admissible under Rule 801(d)(2)(E). Specifically, the Court finds that while the evidence presented at the hearing was not substantial, the government did prove by a preponderance of the evidence that a conspiracy existed and that the conspiracy began in May, 2003 and ended on September 3, 2008. The Court further finds that the government proved by a preponderance of the evidence that Ms. Wright, Mr. Wright, Mr. Portwood, Mr. Hastings, and defendant were members of the conspiracy. Finally, the Court finds that the government proved by a preponderance of the evidence that the statements at issue were made in the course of and in furtherance of the conspiracy.

**IT IS SO ORDERED this 30th day of March, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE